IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONNIE PALMER,

        Petitioner,

vs.                                                                         No. CIV 01-574 MV/LFG

JOE WILLIAMS,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 21, 2001. Petitioner Ronnie Palmer ("Palmer"), currently confined at the Lea County Correctional Facility in Hobbs, New Mexico, challenges the judgment and sentence entered by the Twelfth Judicial District Court in State v. Palmer, No. CR-99-414 (County of Otero, New Mexico).

    2. As grounds for federal habeas relief, Palmer asserts: (1) that Border Patrol agents did not have reasonable suspicion to justify prolonging his detention at the border checkpoint, once they determined that he was a United States citizen; and (2) the search of his vehicle went beyond the scope of consent, in that agents let air out of his tires and thereby detected the odor of marijuana inside the tires.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

3. Respondent argues that Palmer's petition should be dismissed under 28 U.S.C. § 2254(d), as the issues raised in the petition were decided on the merits by the state courts, and petitioner has not shown that the state court proceedings resulted in a decision contrary to law or based on an unreasonable determination of the facts in light of the evidence presented. The Court agrees and recommends that Palmer's petition be dismissed.

## Facts and Procedural Background

4. In the proceedings in CR-99-414, Palmer filed a pretrial motion to suppress evidence seized from his vehicle after it had been stopped by U.S. Border Patrol agents. The motion was denied. (Ex. D to Answer). Palmer then pled no contest to one count of possession of marijuana with intent to distribute, and the court found him to be a habitual offender with at least three prior felony convictions. He was sentenced to a term of incarceration of 9 ½ years, 18 months of which was suspended. (Exs. A, B to Answer). In his plea of no contest, Palmer reserved the right to appeal the ruling on the suppression motion, and after imposition of the sentence, Palmer appealed. (Exs. C, E to Answer).

5. Palmer raised two issues in his appeal, the same two issues he now raises in this habeas proceeding. (See Docketing Statement, Ex. F to Answer). The Court of Appeals proposed summary affirmance of the conviction, stating, as to the issue of reasonable suspicion:

> Here, Defendant was stopped at a border checkpoint driving a U-Haul towing a vehicle. Before the agent could even ask Defendant about his citizenship, Defendant began complaining about his day using profanity. The agent thought Defendant's immediate use of profanity with him was suspicious. After Defendant's United States citizenship was confirm[ed], the agents asked about the vehicles. Defendant was driving a rental truck, but had not rented it and did not know who had. Defendant stated that he had been in El Paso and was taking the towed vehicle back to Missouri to a friend of his. The agent noticed

> a small travel bag on the floorboard of the truck and though[t] that it appeared to be a small amount of luggage for one who was traveling from Missouri to El Paso and back. The bill of sale that Defendant provided for the vehicle that he was towing was blank. We propose to hold that these facts were sufficient to raise a reasonable suspicion sufficient to allow further detention to confirm or dispel those suspicions.

(Ex. G to Answer).

6. On the issue of scope of consent to the vehicle search, the Court of Appeals again proposed affirmance, citing New Mexico law to the effect that the scope of consent is measured by an objective reasonableness standard and it would be objectively reasonable for a person in Palmer's position, who gave a general consent to search the vehicle, to assume the agents would conduct a thorough search. A probing search into areas not readily visible, by such means as removal of loose vents or door panels, has been approved by New Mexico courts, so long as the vehicle is not destroyed or unnecessarily damaged. Removal of air from the tires does not violate this standard, the Court of Appeals stated. (Ex. G to Answer).

7. Palmer submitted a memorandum in opposition to the court of appeals' proposed ruling, in which he had the opportunity to thoroughly brief the arguments on both the "reasonable suspicion" and "consent to search" issues. (Ex. H to Answer). The court of appeals rejected Palmer's arguments in an opinion dated July 5, 2000 (Ex. I to Answer).

8. In response to Palmer's argument that the factors used to justify reasonable suspicion in this case were "ordinary" rather than "sinister," including the fact that Palmer could not tell the officers who had rented the U-Haul, could not produce a rental agreement, and could not provide proper documentation for the truck being towed behind the U-Haul, the court held:

> We do not believe that the fact that Defendant was unable to provide

> proper documentation for either vehicle is ordinary. Rather, we believe that this inability creates a reasonable suspicion which allows the agents to detain the individual briefly to investigate further ... [W]e do not believe that the lack of documentation for the vehicles was of such an innocent nature as to require the agents to seek explanation before briefly extending the detention. Further, we do not believe that the agents relied solely on Defendant's use of profanity during the initial stop to support reasonable suspicion. Rather, it was one of a number of factors that raised suspicion.
>
> While it is true that a laundry list of innocent behavior cannot establish reasonable suspicion, we believe that the agents had more here than a compilation of innocent facts. We believe that the agents had a particularized and objective basis for suspecting criminal activity in relation to Defendant and the vehicles, where Defendant was unable to satisfy requests for identification with regard to either one of the vehicles. Thus, they could briefly extend his detention to the secondary area in order to investigate. Once there, the agents sought permission to search the vehicles which was freely granted. There is no factual dispute on the question of consent.

(Ex. I to Answer, at 2-3).

9. In response to the argument that the search went beyond the scope of Palmer's consent, the court noted that Palmer's general consent to search the vehicles gave the agents authority to:

> let a small amount of air out of the rear tires of the pickup which was being towed. There was no destruction or damage to the vehicle. In fact, the agents put the air back in the tires before removing the vehicle. Such a de minimus effect as letting a small amount of air out of the tire fits within a general consent to search a vehicle ... [The scope of the search depends on the scope of the consent given for the search. Where the consent is a general consent, it includes the authority to conduct the kind of search conducted here.

(Ex. I to Answer, at 4).

10. Palmer petitioned the New Mexico Supreme Court for a writ of certiorari, raising the two issues argued in the court of appeals, the same two issues he now raises in this habeas corpus petition. He was again given the opportunity to present his case to the appellate courts of the state of New

4

Mexico, and his certiorari petition thoroughly discusses both "reasonable suspicion" and "scope of consent." (Ex. J to Answer). The supreme court denied certiorari on March 30, 2000. (Ex. K to Answer).

## Discussion

11. Both of Palmer's claims were clearly adjudicated on the merits in the state courts. A federal habeas petition raising such claims must be dismissed unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as set forth by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000). To justify federal habeas relief, the decision must not only have been erroneous, but also unreasonable. Id., 529 U.S. at 411; Thomas v. Gibson, 218 F.3d 1213, 1220 (10th Cir. 2000).

12. The holdings of the state trial court denying Palmer's motion to suppress, and the rulings of the state appellate courts affirming the denial and upholding the conviction, do not meet the strict Williams standards for federal habeas relief, as they neither constitute decisions that are contrary to or involve an unreasonable application of clearly established federal law as determined by the U. S. Supreme Court, nor do they represent an unreasonable determination of the facts in light of the evidence presented.

13. Clearly established federal law provides that police may stop and interrogate a person upon reasonable suspicion falling short of probable cause. Terry v. Ohio, 392 U. S. 1, 88 S. Ct. 1868 (1968). The test for reasonableness of an investigative detention is "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Terry, 392 U. S. at 20; United States v. Hishaw, 235 F.

5

3d 565, 569 (10th Cir. 2000). The officer may stop and briefly detain a person for investigative purposes "if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" United States v. Sokolow, 490 U. S. 1, 2, 109 S. Ct. 1581, 1582 (1989). The officer must be able to point to specific and articulable facts to support a finding of reasonable suspicion; an inchoate and unparticularized suspicion or hunch is insufficient. Terry, 392 U. S. at 21.

14. The state courts found that the agents involved in Palmer's detention had reasonable suspicion to detain him, even after they determined that he was a United States citizen, based on the facts that he did not know who had rented the U-Haul he was driving and could supply no documentation for either of the vehicles in his possession at the time of the stop, the fact that he opened the encounter with a Border Patrol agent by using profanity, and the fact that he was carrying a small amount of luggage for a relatively long car trip. The state courts held that these circumstances constitute specific and articulable facts to support a finding of reasonable suspicion.

> [T]here is 'no ready test for determining reasonableness other than by balancing the need to search (or seize) against the invasion which the search (or seizure) entails' ... And in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. The scheme of the Fourth Amendment becomes meaningful only when it is assured that at some point the conduct of those charged with enforcing the laws can be subjected to the more detached, neutral scrutiny of a judge who must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances. And in making that assessment it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?

Terry, 392 U.S. at 21-22. This Court cannot say that the New Mexico courts' assessments violated this standard of clearly established federal law, and habeas relief is therefore not warranted in this

6

case.

15. The state courts' holdings on scope of consent are also in keeping with federal law and are not unreasonable. "It is . . . well-settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44, 36 L. Ed.2d 854 (1973). Palmer does not dispute that he gave his consent to a search of the towed vehicle.

16. It is true that the scope of a consent search is limited by the breadth of the actual consent. United States v. Gay, 774 F.2d 368, 377 (10th Cir.1985). The government argued below, and the state court agreed, that a general consent to search a vehicle includes the right to inspect the tires, inside or out. In proposing summary affirmance, the court of appeals stated:

> We propose to hold that letting a little air out of a tire is more like unscrewing screws or lifting carpet than slashing tires of drilling open compartments. There has been no unnecessary damage to the vehicle and, as the tires are part of the vehicle, they are included in a general consent to search the vehicle."

(Ex. G to Answer). And in its opinion affirming the conviction the court of appeals held, "the scope of the search depends on the scope of the consent given for the search. Where the consent is a general consent, it includes the authority to conduct the kind of search conducted here." (Ex. I to Answer, at 4). There is nothing in this holding that is contrary to or involves an unreasonable application of clearly established federal law, and it does not represent an unreasonable determination of the facts in light of the evidence presented.

17. In addition, the Court notes that Palmer had a full and fair opportunity to litigate his Fourth Amendment claims in state court, thus precluding federal habeas review, Stone v. Powell, 428 U. S. 465, 96 S. Ct. 3037 (1976), at least in the absence of the state courts' wilful refusal to apply

7

the correct and controlling constitutional standards. Gamble v. Oklahoma, 583 F. 2d 1161, 1164 (10th Cir. 1978). No such wilful refusal is evident in this case.

## **Recommended Disposition**

That the petition be denied and the action be dismissed with prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge